**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.:

LEE DAVIS, and

      Plaintiff,

vs.

COSMETICA INC.,
a Florida Limited Liability Company, and
ADLEY DASILVA,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEE DAVIS ("Ms. Davis"), by and through the undersigned attorneys, sues Defendants, COSMETICA INC. ("COSMETICA"), and ADLEY DASILVA ("Mr. DaSilva") (collectively, "Defendants"), and alleges the following:

## GENERAL ALLEGATIONS

1. This is an action to recover the unpaid wages, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Plaintiff, Ms. Davis, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

3. Defendant, COSMETICA, is a Florida profit corporation, with its principal place of address being 1941 SE Port St. Lucie Blvd., Port St. Lucie, FL 34952, and within the jurisdiction of this Court.

4.      At all times material hereto, COSMETICA existed for the purpose of cosmetic and related services.

5.      Defendant, Mr. DaSilva, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

6.      Mr. DaSilva is the President of COSMETICA and is responsible for its daily operations, including all payroll practices and decisions.

7.      Mr. DaSilva approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

8.      At all times material hereto, Ms. Davis was employed by COSMETICA and Mr. DaSilva.

9.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

10.      Upon information and belief, COSMETICA's gross annual revenues were in excess of $500,000.00 per year in the years 2018, 2019, and will exceed the same in 2020.

11.      At all relevant times, COSMETICA has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, COSMETICA (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2018 - 2020. COSMETICA has employed and/or continues to employ "employee[s]," including Ms. Davis, who herself handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

12.     Therefore, based on the aforementioned, COSMETICA was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

13.     At all times material hereto, Ms. Davis, in performing her job duties, was engaged in commerce within the meaning of 29 U.S.C.  §§203(b), 203(r), 203(s), 206(a) and 207(a).

14.     Ms. Davis was employed by COSMETICA from October 2018 through March 2020.

15.     Ms. Davis was not exempt from the right to receive the appropriate minimum wage under the FLSA.

16.     The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay minimum wage to Ms. Davis.

17.     Since 2018, Defendants (1) employed Ms. Davis; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Ms. Davis in which Defendants failed to pay proper wages for hours worked by Ms. Davis.

**COUNT I**
**RECOVERY OF UNPAID MINIMUM WAGES- VIOLATION OF THE FLSA, 29 U.S.C. § 206 ON BEHALF OF LEE DAVIS AGAINST ALL DEFENDANTS**

18.     LEE DAVIS re-alleges and reaffirms paragraphs 1 through 17 as if fully set forth herein.

19.     This is an action for Unpaid Minimum Wage on behalf of Ms. Davis against all Defendants.

20.     Ms. Davis's workweek with Defendants was to consist of a regular workweek for which Defendants should have paid her at or above the FLSA minimum wage as required by 29 U.S.C. § 206.

21.     Ms. Davis was never paid minimum wage for the hours she worked for Defendants on specific dates and was not paid the hourly amount that Defendants agreed to pay for her labor and services. Specifically, she was not paid anything at all for the following dates in the year 2020: March 16, March 17, March 18, March 19, March 20 (used as a paid vacation day), March 23, and March 24.

22.     Ms. Davis was never paid the statutory minimum wage for any of the hours she worked for the Defendants on those specific dates.

23.     Ms. Davis was entitled to receive a regular hourly rate for the relevant time periods on those dates.

24.     Defendants' violation of the FLSA concerning payment of minimum wages was deliberate, knowing, willful, and without good faith or any legal justification.

25.     Defendants knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to Ms. Davis.

26.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Ms. Davis is entitled to liquidated damages pursuant to the FLSA.

27.     Ms. Davis is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

28.     Ms. Davis demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, LEE DAVIS, respectfully requests that a judgment be entered against Defendants, COSMETICA INC., and ADLEY DASILVA:

a.   Declaring that Defendants have violated the minimum wage provisions of 29 U.S.C. § 206;

b.   Awarding Ms. Davis minimum wages in the amount to be calculated;

c.   Awarding Ms. Davis liquidated damages in the amount to be calculated;

d.   Awarding Ms. Davis reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.   Awarding Ms. Davis pre- and post-judgment interest; and

f.   Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 8th day of July 2020.

Pike & Lustig, LLP
*/s/ Daniel Lustig*
**Daniel Lustig**
Florida Bar No.: 059225
**Robert C. Johnson**
Florida Bar No.: 116419
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
Email:  pleadings@pikelustig.com
*Counsel for Plaintiff*